UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CR416 RWS |
| | ) | |
| DUANE McCOY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). The Defendant filed a motion to suppress statements and evidence, and the undersigned set a hearing on the motion on January 30, 2013.

Based upon the evidence adduced at the hearing on the motion to suppress, the undersigned makes the following findings of fact and conclusions of law:

**Findings of Fact**

Michael Cohen is a police officer with the St. Louis Metropolitan Police Department. On May 2, 2012, he and his partner, Marcus Alston, were on patrol in the Walnut Park area of St. Louis. They were in full uniform, and driving a marked police car. The neighborhood is rife with gang activity, and is known for violent assaults involving weapons. Cohen has, himself, made arrests for firearms violations in this same neighborhood.

At about 5:30 p.m., Cohen observed a person, who he later identified as the Defendant, walking toward them on Gilmore Street in the Walnut Park neighborhood. As the Defendant walked toward Cohen, Cohen observed what he believed to be the outline of a handgun under the

Defendant's shirt and stuck in his waistband. When he first observed the Defendant, he was about twenty feet from him. As the Defendant walked closer to Cohen, he made eye contact with him and the Defendant looked very wide-eyed at Cohen, and grabbed the object in his waistband with his right hand. At this point, Cohen told Alston that he believed the Defendant had a handgun, and Cohen started to get out of his police car. As Cohen began exiting the vehicle, the Defendant immediately took off running down Gilmore with Cohen chasing him. The Defendant ran several houses down Gilmore street, cutting through a gangway to a backyard. He then ran across an alley and through another gangway onto Robin Street. When he arrived at Robin Street, he stopped running and surrendered to Alston who had moved the police car around to Robin in an attempt to block the Defendant's flight.

While the Defendant was running through the backyard on Gilmore, and before he surrendered to Alston, Cohen observed the Defendant remove a firearm from his waistband and toss it into the bushes on the north side of the backyard. After the Defendant stopped running, Cohen went to the backyard and retrieved the gun. The gun was a fully-loaded revolver. Cohen then informed the Defendant that he was under arrest for carrying a concealed weapon and being a felon in possession of a firearm.

**Conclusions of Law**

Based on the above facts, the undersigned believes that the seizure of the handgun was lawful, and should not be suppressed. The case now at bar is very similar to the case of California v. Hodari D, 499 U.S. 621 (1991). In Hodari, two Oakland, California police officers observed about four individuals huddled around a red car. As the police officers drove their vehicle close to the individuals, the individuals looked at them and started to run in all directions away from the officers.

Because the officers found this to be suspicious, they chased some of the individuals. One of the officers chased Hodari. Just before the officer caught up with Hodari, the officer observed Hodari toss away a small rock which appeared to be crack cocaine. Seconds later, the officer tackled Hodari and arrested him. Hodari claimed that he was seized illegally at the time the officer chased him. This was because Hodari claimed that the chase was tantamount to a command to halt and this amounted to a seizure. Thus, Hodari claims he was illegally seized without probable cause at the time he dropped the drugs. The Supreme Court held that the defendant was not under arrest or seized until he was tackled by the officer and, thus, the discovery of the crack was the result of the defendant abandoning the property. In so holding, the Court stated as follows:

> In sum, assuming that Pertoso's pursuit in the present case constituted a "show of authority" enjoining Hodari to halt, since Hodari did not comply with that injunction he was not seized until he was tackled. The cocaine abandoned while he was running was in this case not the fruit of a seizure, and his motion to exclude evidence of it was properly denied. We reverse the decision of the California Court of Appeal, and remand for further proceedings not inconsistent with this opinion.

California v. Hodari D, 499 U.S. 621, 629, 630.

In the present case, the facts show that the Defendant ran from Cohen as he was getting out of the car, and was still running when he tossed the gun in the backyard. As in Hodari, Cohen told the Defendant to halt, but he refused to do so until he reached Robin Street. Therefore, he was not seized or in custody until he reached Robin, well after he tossed the gun. Therefore, in this case, as in Hodari, the gun was abandoned, and its seizure was lawful.

In addition, the Defendant's arrest was based on probable cause and is also lawful. Police officers may arrest persons without a warrant if they have probable cause to believe that the person committed a crime. Beck v. State of Ohio, 379 U.S. 89 (1964); Gerstein v. Pugh 420 U.S. 103 (1975). An officer has probable cause to make a warrantless arrest when the facts and circumstances

are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense. See United States v. Torres-Lona, 491 F.3d 750 (8th Cir. 2007). In this case, the undersigned must decide whether the above facts "viewed from the standpoint of an objectively reasonable officer" amount to probable cause. Ornellas v. United States, 517 U.S. 690 (1996). There need only be a "probability or substantial chance of criminal activity rather than an actual showing of criminal activity." United States v. Mendoza, 421 F.3d 663, 667 (8th Cir. 2005). Based on the above facts, the undersigned concludes that the officers possessed more than adequate probable cause to arrest the Defendant at the time he was taken into custody on Robin Street. At the time the Defendant was arrested, Officer Cohen had personally observed the Defendant commit a felony, that being carrying a concealed weapon. He observed prior to the arrest, the Defendant remove a concealed pistol from his waistband, and toss it in the bushes in the rear of the Gilmore Street address. Therefore, the undersigned concludes that there was ample probable cause to arrest the Defendant based on the personal observations of Cohen.

Finally, as to any statements made by the Defendant, there was no evidence presented at the hearing in this matter that any statements were made by the Defendant at the time of the incident, either before or after the arrest.

## Conclusion

Therefore, the motion to suppress as to statements should be **denied as moot** and the motion to suppress as to evidence should be **denied**.

* * *

In accordance with the Memorandum above,

**IT IS HEREBY RECOMMENDED** that the Motion to Suppress Statements and Evidence [ECF No. 24] be **denied as moot in part** and **denied in part** consistent with the above.

Further, the parties are advised that they have fourteen (14) days, in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                           /s/ Terry I. Adelman
                                   UNITED STATES MAGISTRATE JUDGE

Dated this  22nd  day of February, 2013.